COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTION TO EXTEND TIME

Appellate case name:        Robert J. Salazar and Elia Salazar v. HP Texas I LLC d/b/a HP Texas LLC, HPA Texas Sub 2016-1 LLC, Ser Texas LLC, and Pathlight Property Management Co.

Appellate case numbers:    01-19-00926-CV

Trial court case number:    2019-17589

Trial court:              127th District Court of Harris County

Appellants Robert J. Salazar and Elia Salazar have filed an unopposed motion to extend time to file a motion for en banc reconsideration. *See* TEX. R. APP. P. 49.9. The Court's memorandum opinion and judgment issued on July 8, 2021. Appellants filed two timely motions to extend time to file a motion for rehearing, which the Court granted. Appellants then filed a timely motion for rehearing, which the Court denied on November 2, 2021. On November 8, 2021, appellants filed the motion to extend time to file a motion for en banc reconsideration.

At the time the judgment issued in this appeal, a party could file a motion for en banc reconsideration either within 15 days after a judgment issues or, when permitted, within 15 days after the Court denies the party's last timely filed motion for rehearing or for en banc reconsideration. FORMER TEX. R. APP. P. 49.7. After judgment issued in this appeal but before appellants filed their motion for rehearing, the Texas Supreme Court and the Texas Court of Criminal Appeals issued a joint order amending the Texas Rules of Appellate Procedure to clarify, in part, that a "motion for en banc reconsideration must be filed by the deadline for filing an initial motion for rehearing under subdivision 49.1." *See* Final Approval of Amendments to Texas Rules of Appellate Procedure, Misc. Docket 21-9110, at 10 (Tex. Sept. 13, 2021); Final Approval of Amendments to Texas Rules of Appellate Procedure, Misc. Docket 21-003 (Tex. Crim. App. Sept. 13, 2021). This joint order specifies that the amended rules are effective as of October 1, 2021, but it does not state whether the amended rules apply to all appeals or only to appeals filed after (or in which judgment issued after) the effective date of October 1.

As of October 1, 2021, Texas Rule of Appellate Procedure 49.5 requires a party to file a motion for en banc reconsideration within the time for filing a motion for rehearing under Rule 49.1, that is, within 15 days after the court of appeals renders judgment. TEX. R. APP. P. 49.5; *see* TEX. R. APP. P. 49.1. Amended Rule 49.5 no longer allows a party to file a motion for en banc reconsideration within 15 days after the Court denies the party's last timely filed motion for rehearing or for en banc reconsideration. TEX. R. APP. P. 49.5. The rule for motions to extend time (Rule 49.8) was renumbered to Rule 49.9, but the language was not amended. Nevertheless, the effect of the amendments to Rule 49.9 means that motions to extend time to file motions for en banc reconsideration must be filed much earlier than before the amendments.

In this case, Rule 49 was amended after judgment issued in this appeal but before appellants filed their motion for rehearing. If the former rules apply, appellants' motion to extend time and any subsequent motion for en banc reconsideration would be timely because the deadline runs either from the date the judgment issued or the date the Court overruled appellants' motion for rehearing. *See* FORMER TEX. R. APP. P. 49.7 If, however, the amended rules apply, these motions would be untimely because the deadline runs only from the date judgment issued. *See* TEX. R. APP. P. 49.5.

In this unique scenario, we conclude that former Rule 49.7 governs appellants' motion for en banc reconsideration and, in effect, their motion to extend time to file the motion for en banc reconsideration. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997) ("This Court has never wavered from the principle that appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal."). The Court's plenary power is governed by Rule 19, which provides us with jurisdiction over this appeal for thirty days after overruling appellants' motion for rehearing, or until December 8, 2021. TEX. R. APP. P. 19.1(b). On our own initiative, the Court may for good cause suspend a rule's operation in a particular case and order a different procedure. TEX. R. APP. P. 2. Because appellants followed the rules in effect at the time judgment issued in this appeal and because the opposite conclusion would unfairly deprive appellants of an opportunity to file a motion for en banc reconsideration, we find good cause exists to suspend operation of Rule 49.5, as amended effective October 1, 2021, in this appeal.

Accordingly, the Court **grants** appellants' motion to extend time to file a motion for en banc reconsideration. Appellants shall file any motion for en banc reconsideration no later than December 17, 2021.

**NO FURTHER EXTENSIONS WILL BE GRANTED ABSENT EXTRAORDINARY CIRCUMSTANCES.**

It is so ORDERED.


Judge's signature:  /s/  April L. Farris
☑ Acting individually    ☐ Acting for the Court


Date:  November 23, 2021